JEANETTE LITT ET AL., RESPONDENTS, v. INTERNATIONAL FIDELITY INSURANCE COMPANY ET AL., APPELLANTS.

Submitted June 19, 1923—Decided November 19, 1923.

The owner of land against whom a workmen's compensation judgment had been recovered, providing for weekly payments during a given number of weeks, in order to induce the sale of said land pending an appeal of said judgment, gave a bond to the purchaser, which after reciting the proceedings above-mentioned provided as follows: "If the lands and premises above described shall be relieved from the lien and effect of said judgment, or should said judgment be affirmed by the court to which the same has been appealed, and together with all costs shall be paid in full upon said affirmance, then the above obligation to be void, otherwise to remain in full force and virtue, etc." The judgment was affirmed, but the obligors, although they paid the accrued installments to date, refused to pay in a lump sum the amount represented by the remainder of the future weekly installments, insisting that they were only obliged to pay the future weekly installments as they accrued. *Held*, that the obligors were required to pay the compensation judgment in full immediately upon its affirmance as aforesaid.

---

On appeal from the Supreme Court.

For the appellants, *Perkins & Drewen.*

For the respondents, *Stamler & Stamler.*

The opinion of the court was delivered by

ACKERSON, J.  This appeal brings up a judgment of the Supreme Court in favor of the plaintiffs and against the defendants in a suit upon an indemnity bond arising out of the following facts which are admitted: Jacob Geisel died as the result of injuries received while working in the factory of the Regina Company, one of the defendants.  His widow, Eliza Geisel, filed a petition with the Workmen's Compensation Bureau for compensation to be paid by the Regina Company for her husband's death, and obtained judgment for $215.50, being accrued payments, plus $100, for funéral expenses and a finding that the Regina Company should pay to her $5.25 per week for two hundred and seventy-eight weeks.

The Regina Company appealed from this judgment to the Court of Common Pleas of the county of Union, where it was ordered that judgment final be entered for the sum of $194.25 accrued payments, plus $100 for funeral expenses, and the further sum of $5.25 to be paid weekly during the remaining two hundred and sixty-three weeks, and said company then appealed to the Supreme Court to reverse the judgment of the Court of Common Pleas.  Pending this latter appeal the Regina Company sold a tract of land to one Henry Litt and the judgment was a lien on this land, and, in order to protect the purchaser, the defendant Regina Company, together with the defendant International Fidelity Insurance Company, as surety, gave a bond to the said purchaser, Henry Litt, in the penal sum of $2,500, which, after reciting the proceedings above mentioned, provided as follows:

"Whereas, said judgment as it now stands is a lien on the above described property; and, whereas, the said obligors have agreed in lieu of immediate payment of said judgment held by Eliza Geisel, to give bond to the said Henry Litt for the purpose of inducing the said Henry Litt to accept a deed for said premises from the said Regina Company; now, therefore, if the lands and premises above described shall be released from the lien and effect of the said judgment, or

should said judgment be affirmed by the court to which the same has been appealed, and, together with all costs, *shall be paid in full upon said affirmance,* then the above obligation to be void,"&c.

The judgment was affirmed by the Supreme Court, and although the Regina Company thereafter paid the funeral expenses and accrued weekly installments up to date, it nevertheless refused to pay in a lump sum the amount represented by the balance of the weekly payments for the remainder of the compensation period, which sum amounted at that time to $850.50, claiming that under the terms of the bond it was only obliged to pay off the workmen's compensation judgment in weekly amounts of $5.25 each as they accrued, in accordance with the terms of said judgment.

The plaintiffs below, who are the assignees of Henry Litt, the obligee mentioned in the bond, brought suit on the bond in the Supreme Court, and the cause was tried before the judge of the Court of Common Pleas of Union County, to whom it was referred for trial, and who, by consent, heard the same without a jury and gave judgment for the plaintiffs and against the defendants and assessed the damages at $850.50, from which judgment the defendants have appealed to this court.

The appellants contend that there was no breach of the condition of the bond, because they are paying off the compensation judgment to Mrs. Geisel in weekly payments of $5.25 each in accordance with the provisions of said judgment, and that, therefore, the said judgment has been paid in full to date according to its terms. We think, however, that this contention is contrary to the express language of the bond. The condition of the bond is not to pay the judgment in partial weekly installments as they accrue, but upon affirmance of the judgment to pay the same in full. There can be no doubt that the intention of the parties, as gathered from the plain language of the bond, was to provide for immediately relieving the land from the lien of the judgment should it be affirmed by the Supreme Court, for otherwise the

lien would not be removed until the last weekly installment provided for by the judgment had been paid, which would be several years hence.

The difficulty with the appellants' position is that they are insisting upon an observance of the terms of the compensation judgment instead of complying with the plain terms of the bond. They are attempting to read into the bond as the condition thereof, that they will pay the compensation judgment according to its terms, instead of according to the express language of the bond.

The condition of the bond was in the disjunctive, either to relieve the land from the lien and effect of the judgment, or to pay the judgment in full upon affirmance. The obligors having failed to perform either of these conditions the plaintiffs below were entitled to their judgment on the bond, and the fact that the appellant the Regina Company still remains liable on the Geisel compensation judgment cannot affect this result under the rule laid down in *North* v. *North & Son,* 93 *N. J. L.* 438, and the Regina Company would undoubtedly be entitled to proceed in the Court of Chancery for a decree requiring the application of the money recovered from the appellants to the extinguishment of the Geisel judgment.

The appellants also contend that the judgment under review is erroneous because the suit was for a penal sum and no damages are shown to have been suffered by the respondents. It is sufficient to say, however, that the bond in this case is not simply a contract to indemnify against loss, but is conditioned for the future performance of something, the non-performance of which, unless justified by the acts of third parties, would give rise to the liability in question regardless of the question of present damages sustained. Under these circumstances we think the contract is tantamount to an obligation to pay, should liability arise. *North* v. *North & Son, supra.* The obligors failed to pay the compensation judgment in full upon its affirmance in the Supreme Court, hence the liability under the bond accrued.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.   11.

*For reversal*—None.